Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 400-2 | **DATE** | 1/17/2002 |
| **CASE TITLE** | USA vs. Martha Dervisevic | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Decision. Defendant's motion in limine [31-1] to exclude her statements of February 9, 2001 and March 5, 2001 is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JAN 1 8 2002 date docketed | 34 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 1/17/2002 date mailed notice | |
| MD courtroom deputy's initials | | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 01 CR 400 |
| | ) | |
| MARTHA DERVISEVIC, | ) | |
| | ) | **DOCKETED** |
| Defendant. | ) | JAN 1 8 2002 |

## MEMORANDUM DECISION

Defendant Martha Dervisevic and her husband, Hasan Dervisevic ("co-defendant"), are charged with bankruptcy fraud under 18 U.S.C. § 152(1)(3)(5). Defendant moves in limine to bar the admissibility of two inculpatory statements she gave to Federal Bureau of Investigation ("FBI") agents on February 9, 2001 and March 5, 2001, on the basis that she was mentally impaired at the time and, as a result, the statements were unreliable and thus should be excluded from evidence under Federal Rule of Evidence 403. Defendant does not contend that she was under arrest or otherwise in custody during either conversation or that the statements were involuntarily given.

It is undisputed that on February 9, 2001, at approximately 7:05 a.m., agents of the FBI interviewed defendant at her home. As a result of that interview, Special Agent Vick A. Lombardo prepared a five-page single-spaced typed report memorializing the statements defendant made during the interview. On March 5, 2001, at approximately 3:40 p.m. prior to a

1

scheduled meeting between co-defendant and Special Agent Lombardo,[1] defendant made additional admissions.

Defendant argues that admission of her statements would create unfair prejudice or mislead the jury. Defendant attests that on both occasions she was under the influence of medications prescribed by her physician, specifically, Xanax (an anti-anxiety medication), Levaquin (an antibiotic) and Albuterol (an athsma medication) on February 9, 2001 and Xanax and Albuterol on March 5, 2001. Defendant asserts that these medications, taken alone or together, resulted in side effects of confusion and grogginess that impaired her judgment. Regarding her 7:05 a.m. interview with the FBI agents, defendant states that "[s]he was feeling very groggy and tried to explain to them that she felt she was being incoherent and that she sounded distorted." (Def. Aff. ¶ 6.) Her expert witness, Lynwood David Zinn, M.D., who represents that he is a board certified psychiatrist and an expert on the effects of medication on human behavior, corroborates defendant and submits that the medications that defendant took would have impaired her judgment "to such a degree that the admissions provided by her cannot be relied upon." (Zinn Aff. ¶ 6.)

The government, in opposition, argues that defendant's statements are admissible under 18 U.S.C. § 3501 and they are reliable because there is no indication that defendant had problems with her memory or perception. Moreover, the government argues, Dr. Zinn's statements about the unreliability of defendant's statements are speculative and, even if defendant's perception and

---

[1] Special Agent Lombardo attests that on March 5, he arrived early and was waiting near his car for Special Agent Dan Cain to arrive when defendant approached him and made additional statements, summarized in a one-plus page summary prepared by Special Agent Lombardo. Defendant attests that Special Agent Lombardo had come to interview "her." She does not identify where the conversation took place and has submitted nothing controverting Special Agent Lombardo's statement. The court accepts as true that the statement was initiated by defendant.

2

memory were impaired, her condition would affect the weight but not the admissibility of the evidence. The government further provides statements and transcriptions from the FBI agents, countering defendant's claims of the side effects of the medication.

Title 18 U.S.C. § 3501(a) provides that "[i]n any criminal prosecution brought by the United States . . . a confession, as defined in subsection (e)[2] hereof, shall be admissible in evidence if it is voluntarily given. . . ."[3] In the same vein, Rule 402 provides that all relevant evidence is admissible. Rule 403, however, as pertinent here, permits the court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." *United States* v. *Jackson*, 886 F.2d 838 (7th Cir. 1989), on which the government relies, concerned whether a defendant's refusal to give handwriting exemplars was admissible. The district court excluded the evidence under Rule 403 even though it was admissible under Rule 404(b) as a prior "bad act."[4] The court of appeals reversed, reasoning that the evidence was probative of consciousness of guilt; that the evidence met the requirement that a reasonable jury could find that the defendant committed the act sought to be admitted and was therefore relevant; and that in applying the balancing test of

---

[2]Subsection (e) provides, "As used in this section, the term 'confession' means any confession of guilt of any criminal offense or any self-incriminating statement made or given orally or in writing."

[3]*See Dickerson* v. *United States*, 530 U.S. 428 (2000) (Section 3501 does not abrogate the rule of *Miranda* v. *Arizona*, 384 U.S. 436 (1966), which governs the admissibility of statements made during a custodial interrogation by state and federal law enforcement officers).

[4]Rule 404(b) provides:

> Other Crimes, Wrongs, or Acts.– Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

3

Rule 403, "relevant evidence should only be excluded if its probative value is *substantially* outweighed by any of the listed concerns in Rule 403." *Jackson*, 886 F.2d at 847 (Emphasis in original.). The court assessed several factors countering the admission of the relevant evidence, including the availability of alternate means of proof with regard to an essential element of the government's case,[5] and the potential for unfair prejudice to the defendant in the sense of whether it would lead to an "improper emotional decision by the jury," or confuse the jury or result in undue delay. *Id.* The court concluded that the danger of unfair prejudice (or jury confusion of the issues or undue delay) was far too conjectural to be accorded great weight when compared to the nature and type of the evidence excluded to constitute a "*substantial* outweighing of the probative value of the relevant evidence." *Id.* at 848 (Emphasis in original.). *United States* v. *Bukowski*, 435 F.2d 1094 (7th Cir. 1970), on which defendant relies for the point that the government cannot introduce admissions if it cannot establish their trustworthiness, dealt with sufficiency of proof in a contempt. *Bukowski* does state, as defendant asserts, that in the context of whether the contemnor's admissions were sufficiently corroborated by independent evidence, "the standard for proof of guilt assumes the competency of the evidence considered in testing its sufficiency," *id.* at 1106,[6] a point which seems undisputed. But "competency" in the context of

---

[5] "While prosecutorial need alone does not mean probative value outweighs prejudice, the more essential the evidence, the greater its probative value, and the less likely that a trial court should order the evidence excluded." *Jackson*, 838 F.2d at 847.

[6] The court noted for clarity,

> The rule's nature, rationale, and history suggest that the requirement states a test of the sufficiency of proof rather than merely an evidentiary rule governing 'competence' of a confession or admission. Such statements, at least under the federal rules, are 'competent' and admissible against the defendant.

*Bukowski*, 435 F.2d at 1106 n.7 (Internal citations omitted.).

4

the case did not concern the competency of a witness to make a reliable statement, the point presented in defendant's motion. The case's pertinence here is dubious.

Defendant does not specify anything about the FBI agent's notes that are untrue, distorted or inaccurate, or indicate that to do so would implicate her privilege against self-incrimination. Therefore, it is difficult to grasp why she contends that the statements are unreliable. The court finds nothing within the text that is internally inconsistent or otherwise indicative of confusion or incoherence on the part of defendant; rather, the statements relate substantial details of defendant's involvement with co-defendant's real estate and bankruptcy dealings. Thus, there is nothing before this court that provides any basis for a conclusion that the statement is unreliable, making it superfluous to add that there is no basis on which to conclude that admission of the statements would be unfairly prejudicial, misleading or confusing.

## ORDER

For these reasons, the court denies defendant's motion in limine [#31-1] to exclude her statements of February 9, 2001 and March 5, 2001 to the FBI agents.

ENTER:

JOAN HUMPHREY LEFKOW
United States District Judge

Dated: January 17, 2002